UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SALLY LYDDY, ET AL. :
:
v. : CIVIL NO. 3:06CV1420(AHN)
:
BRIDGEPORT BOARD OF EDUCATION, :
ET AL. :

## RULING ON MOTIONS TO STRIKE AMENDED COMPLAINTS

Pending before the court in this employment discrimination action are the motions of defendants City of Bridgeport ("City"), Bridgeport Board of Education ("Board"), and Andrew Cimmino ("Cimmino") to strike the first and second amended complaints filed by plaintiffs Sally Lyddy ("Lyddy") and Maria Marcoccia ("Marcoccia").

For the following reasons, the motions [docs. ## 80, 81 & 82] are GRANTED.

## BACKGROUND

Previously, on September 11, 2007, the court granted the defendants' motions to dismiss and strike portions of the complaint. Specifically, the court dismissed the plaintiffs' Title VII claim against the City and Cimmino (count one), the negligent and intentional infliction of emotional distress claims against Cimmino (count two), the "attempted due process" claim against the City (count three), and the claim for temporary injunctive relief against the City and Board (count four). The plaintiffs were granted leave to replead the intentional

infliction of emotional distress claim against Cimmino and, to the extent the vague and factually bereft allegations in count one were meant to assert some sort of common law tort claim against the City, they were allowed to file such a claim in an amended complaint "setting forth sufficient factual allegations to afford the defendants fair notice of the claim and the grounds on which it is based and is plausible on its face."  The court also struck many of the complaint's factual allegations on the grounds that they were impertinent, irrelevant, and immaterial.  The plaintiffs were given thirty days to file an amended complaint consistent with the court's ruling.  Thereafter, on October 11, 2007 the plaintiffs filed two amended complaints and on October 12, 2007 they filed two second amended complaints.  The plaintiffs did not seek leave of court before filing.

The defendants now move to strike the amended complaints on the grounds that they (1) assert several new causes of action against the Board, the City, and Cimmino that are beyond the scope permitted by the court, (2) contain new factual allegations that are similar to the allegations the court previously struck, (3) were filed without leave of court or the written consent of the defendants as required by Fed. R. Civ. P. 15(a), and (4) were filed beyond the November 11, 2006 deadline established by the court's scheduling order for filing amended pleadings.  In addition, Cimmino asserts that the emotional distress claim that

the court permitted the plaintiffs to replead is still deficient.

DISCUSSION

The court agrees that the first and second amended complaints go beyond the scope of amendment allowed by the court in its ruling on the defendants' motions to dismiss and were therefore impermissibly filed without leave of court. Elfenbein v. Gulf & W. Indus., Inc., 590 F.2d 445, 448 n.1 (2d Cir. 1978). The court also agrees that the repleaded emotional distress claim does not cure the defects identified in the court's ruling.

A.  The Scope of Permissible Amendment

In its ruling on the defendants' motions to dismiss the court gave the plaintiffs specific, limited permission to file an amended complaint setting forth (1) a viable common-law tort cause of action against the City and (2) a legally sufficient intentional infliction of emotional distress claim against Cimmino. The amended complaints do not come within the scope of what the court permitted.

First, rather than alleging a viable common-law tort cause of action against the City, the plaintiffs asserted a statutory claim under Conn. Gen. Stat. § 46a-60(a)(5), which prohibits any person, whether an employer or employee or not, from aiding, abetting, inciting, compelling, or coercing "the doing of any act declared to be a discriminatory employment practice...." Regardless of whether it is viable, this claim, on its face, does

not come within the scope of amendment the court allowed.

Second, the plaintiffs' repleaded intentional infliction of emotional distress claim does not identify the specific conduct of Cimmino, as opposed to the conduct of Cimmino and others, that was directed at the plaintiffs, as opposed to the plaintiffs and others. Rather, the plaintiffs merely identify "Cimmino's pre and post 'right to sue' harassment of the plaintiffs" as the actionable conduct. While it is true that conduct amounting to sexual harassment may also give rise to a claim for intentional infliction of emotional distress, the two causes of action are separate and distinct and the coexistence of the two does not mean that the totality of the conduct can form the basis of an intentional emotional distress claim. Cf. Kilduff v. Cosential, Inc., 289 F. Supp. 2d 12, 23 (D. Conn. 2003).

Further, while the plaintiffs allege that Cimmino knew or should have known his conduct was likely to cause the plaintiffs' emotional distress, they do not allege that his conduct was the cause of their emotional distress.

Thus, the repleaded intentional infliction of emotional distress claim alleged in the fifth count of the amended complaints still fails to allege the essential elements of this cause of action.

B.  Leave of Court

Because the plaintiffs lost the right to amend the complaint

as a matter of course after the court ruled on the defendants' motions to dismiss, they were required to seek leave of court before filing amended complaints adding new factual allegations and causes of action.¹  E.g., FDIC v. Kooyomjian, 220 F.3d 10, 15 (1st Cir. 2000); Elfenbein v. Gulf & W. Indus. Inc., 590 F.2d at 448 n.1.

By amending the complaint to add the new causes of action and factual allegations, the plaintiffs acted in flagrant disregard of the permissible scope of the court's order.  Given that the court's ruling clearly stated what the plaintiffs could aver in an amended complaint, the plaintiffs had no reasonable basis to conclude that these amendments were permissible without leave of court.  See Index Fund, Inc. v. Hagopian, 107 F.R.D. 95, 97-99 (S.D.N.Y. 1985) (imposing monetary sanctions under Fed. R. Civ. P. 11 for filing an amended complaint without seeking leave of court as required by Fule 15(a)).  In such circumstances, the amended pleading is generally considered a nullity and without

---

¹The amended complaints add: (1) numerous new factual allegations; (2) a new cause of action under Conn. Gen. Stat. § 46a-60(a)(8) against the Board (count two); (3) a new cause of action under Conn. Gen. Stat. §§ 31-51m(4)(b) [sic] and 46a-60(a)(4) against the Board (count three); (4) a new cause of action against the City under Conn. Gen. Stat. § 46a-60(a)(5) alleging aiding and abetting the Board's discriminatory practices (count four); (5) a new cause of action against Cimmino alleging interference "with plaintiffs' employment relationships and opportunities" (count six); and (6) a new cause of action against Cimmino under Conn. Gen. Stat. § 46a-60(a)(5) for aiding and abetting (count seven).

legal effect.  See generally, 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1484, at 601 (1990).

Nonetheless, a court may deem an amended pleading submitted without permission to be properly filed, but may only do so if it determines that leave to amend, had it been sought, would have been granted.  Id.  In making this determination, the court should consider whether the pleader acted in good faith, whether there was undue delay in filing the amendment, whether the opposing party would suffer undue prejudice, and whether the amendment raises meritorious claims.  Foman v. Davis, 371 U.S. 178, 182 (1962); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam); Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987).  In this case, however, with the exception of undue delay, the parties have not adequately addressed these relevant considerations in their briefs and thus the court cannot determine whether leave to amend, if sought, would have been granted.[2]

With regard to the issue of undue delay, the record fails to demonstrate any legitimate justification for the plaintiffs' failure to assert the new causes of action in the original

---

[2] In particular, the court is unable to determine futility, i.e., whether the new causes of action would survive a motion to dismiss on grounds of, for example, failure to exhaust administrative remedies or timeliness.  See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

complaint.  Indeed, because the plaintiffs knew of the facts supporting the new claims at the time the original complaint was filed, it is difficult to posit a satisfactory explanation for the plaintiffs' failure to plead them at the outset.  <u>Rehab. Inst. of Pittsburg v. Equitable Life Assurance Soc. of U.S.</u>, 131 F.R.D. 99 (W.D. Pa. 1990) (denying leave to amend where, <u>inter alia</u>, the facts on which the new defense was based were known at the time of the original pleading and no there was no excuse for the failure to assert it).  Similarly, the court can discern no excuse for why the plaintiffs waited eleven months after the November 6, 2006 deadline set by the court's scheduling order to assert them.  And there is nothing in the record to support a finding of good cause, which is required when an amended pleading is filed in flagrant disregard of the court's scheduling order. <u>See</u> <u>Grochowski v. Phoenix Constr.</u>, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a) ... must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"); <u>Parker v. Columbia Pictures Indus.</u>, 204 F.3d 326, 340 (2d Cir. 2000).  Good cause depends on the diligence of the moving party.  <u>Parker</u>, 204 F.3d at 340.

## CONCLUSION

For the foregoing reasons, the defendants' motions to strike the amended complaints [docs. ## 80, 81 & 82] are GRANTED.  The Clerk is directed to strike the two amended complaints [docs. ##

71, 72] and the two second amended complaints [docs. ## 73, 74].

The plaintiffs have 10 days from the date of this ruling to either submit an amended complaint that complies with the court's September 11, 2007 ruling or to move for leave to file an amended complaint accompanied by the proposed amended complaint and a memorandum of law setting forth with particularity the reasons why the interests of justice require the court to grant leave to amend.[3] Failure to comply with this deadline or to otherwise comply with these conditions will constitute good cause to disallow the filing of an amended complaint.

SO ORDERED this 10th day of June, 2008 at Bridgeport, Connecticut.

```
       ___/s/_____
          Alan H. Nevas
          United States District Judge
```

---

[3]The memorandum shall specifically address the issues of (1) bad faith delay, (2) whether there is good faith to allow an extension of the deadline set by the scheduling order for filing amended pleadings, (3) the absence of prejudice to the defendants, (4) whether the proposed amendment raises meritorious claims, and (5) to the extent the amended complaint seeks to add new factual allegations, why they were omitted from the original complaint and and how they differ from the allegations that were previously stricken.