UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SALLY LYDDY, ET AL.           :
                              :
        v.                    :    CIVIL NO. 3:06CV1420(AHN)
                              :
BRIDGEPORT BOARD OF EDUCATION, :
ET AL.                        :

RULING ON MOTION FOR RECONSIDERATION OR
FOR LEAVE TO FILE AMENDED COMPLAINT

Pending before the court in this employment discrimination

action is the motion of the plaintiffs, Sally Lyddy ("Lyddy") and

Maria Marcoccia ("Marcoccia"), for reconsideration of the court's

prior ruling striking their second and third amended complaints

or in the alternative for leave to file an amended complaint.[1]

For the following reasons, the motion is DENIED.

I.    Motion for Reconsideration

In support of their motion for reconsideration, the

plaintiffs maintain that, because the defendants had not filed a

responsive pleading, their second and third amended complaints

were filed as of right pursuant to Fed. R. Civ. P. 15(a) and thus

they did not require leave of court.  The plaintiffs further

contend that the court's alternative ground for striking the

amended complaints, that they were impermissibly filed eleven

_____

[1]The facts and procedural history of this case are fully set
forth in the court's prior rulings on the defendants' motions to
dismiss and motions to strike.  Familiarity with the facts and
history as set forth therein is presumed.

months after the deadline set by the court's scheduling order and without the required showing of good cause, was also erroneous because the scheduling order cannot "trump" the provisions of Rule 15(a). There is no merit to this assertion.

As the Second Circuit has squarely held, a district court is not required to accept a proposed amended complaint filed as of course pursuant to the first sentence of Rule 15(a) when the deadline specified in the court's scheduling order for amendment of pleadings has passed. <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 242-44 (2d Cir. 2007). In so holding, the court expressly rejected the claim that the court's scheduling order cannot take precedence over a party's right to file an amended pleading "once as a matter of course at any time before a responsive pleading is served" under Rule 15(a). <u>Id.</u> at 244 ("we hold that amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)"); <u>Parker v. Columbia Pictures Indus.</u>, 204 F.3d 326, 340 (2d Cir. 2000) (holding that "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order when the moving party has failed to establish good cause" and that good cause "depends on the diligence of the moving party"). In other words,

when the court issues a pretrial scheduling order pursuant to Fed. R. Civ. P. 16 that establishes a time table for amending pleadings, a plaintiff's ability to amend the complaint is governed by Rule 16, not Rule 15(a). Kassner, 496 F.3d at 244; Parker, 204 F.3d at 340; Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997).[2]

Thus the court acted within the scope of its permissible discretion when it ruled, inter alia, that there was nothing in the record to support a finding of good cause for the eleven-month delay in moving to amend the complaint, especially because the plaintiffs knew of the facts supporting the newly alleged causes of action at the time the original complaint was filed yet offered no excuse for their failure to timely assert them.[3] The

---

[2]Until the court issues a scheduling order pursuant to Fed. R. Civ. P. 16(b) adopting the deadlines set forth in the parties' Rule 26(f) planning report in lieu of those in the court's standing order, the case is governed by the Court's Standing Order on Scheduling in Civil Cases. D. Conn. L. Civ. R. 26(3)(3). The parties in this case never requested a Rule 16 conference nor did they timely file their Rule 26(f) report. In fact, their 26(f) report was not filed until June 19, 2008, long after the deadline set forth in the standing order for filing amended pleadings had passed. Accordingly, the deadline in the standing order for filing amended pleadings is the controlling date.

[3]The plaintiffs' assertion that the standing order on scheduling was nothing but a pro forma, generic document that was "of no effect" and which the court could not have intended to bind the parties bespeaks a naive and ill-informed understanding of court-ordered deadlines which this court has never before encountered. Contrary to the plaintiffs' characterization, the scheduling order is a court order that, if disobeyed by an

motion to reconsider the order striking the second and third amended complaints is denied.

## II.   Leave to Amend

In its prior ruling on the motions to strike the court gave the plaintiffs another opportunity to amend the complaint so long as they filed a proposed amended complaint and a memorandum of law setting forth with particularity the reasons why the interests of justice require the court to allow the amendment and specifically addressing the issues of bad faith delay, good cause to extend the deadline set by the scheduling order, prejudice to the defendants, whether the new claims were meritorious, and why any newly alleged facts were omitted from the original complaint and how they differed from the allegations that had been previously stricken.

Now the plaintiffs have moved for leave to file an amended complaint that asserts numerous new factual allegations, five new causes of action, and a restated claim for intentional infliction of emotional distress.  Specifically, the plaintiffs seek to add a new claim against the Board under the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-

---

attorney, is explicitly subject to sanctions pursuant to Fed. R. Civ. P. 16(f)(1)(c).  See, e.g., Rosario-Diaz v. Gonzalez, 140 F.3d 312 (1st Cir. 1998) (commenting that a litigant who ignores a case-management deadline does so at his peril).

-4-

60(a)(8) for sexual harassment and discrimination (count two), a new claim against the Board for discipline and retaliation in violation of the Connecticut Whistleblower Act, Conn. Gen. Stat. §§ 31-57(m)(4)(b) [sic], and CFEPA, 46a-60(a)(4) (count three), a new claim against the City under CFEPA, Conn. Gen. Stat. § 46a-60(a)(5), alleging aiding and abetting sexual harassment (count four), a new common-law claim against Cimmino alleging interference with plaintiffs' employment relationships (count five), and a new claim against Cimmino under CFEPA, 46a-60(a)(5) alleging aiding and abetting (count seven).  As the defendants assert, the plaintiffs' have failed to establish the required diligence and good cause that is necessary to amend the scheduling order to allow these additional claims and have totally failed to demonstrate the absence of futility.  See Kassner, 229 F.3d at 244.

A.  Diligence/Good Cause

To establish good cause a plaintiff must show that the deadline set by the court's scheduling order for filing an amended pleading could not reasonably have been met despite her diligence.  Parker, 204 F.3d at 339-40; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994) (finding no abuse of discretion in denying leave to amend after deadline had passed based on, among other reasons, undue delay and futility).  The plaintiffs have failed to make this required

showing and have failed to fully address the issues the court identified in its prior ruling.

When the plaintiffs commenced this action they had all the information necessary to support the new common law and statutory claims yet they do not give any valid reason why those claims were omitted from the original complaint. See Parker, 204 F.3d at 341 (affirming denial of leave to amend complaint where all of the information supporting the proposed amendment was available to the plaintiff even before she filed suit). The plaintiffs' assertions that the absence of prejudice to the non-moving party and excusable neglect or inadvertence satisfies the good cause requirement are also unavailing. Carnrite, 175 F.R.D. at 448 (holding that attorney inadvertence or oversight does not constitute good cause). Moreover, the plaintiffs cite no authority for their assertion that the interests of justice would not be served if the City and Cimmino are allowed to escape liability.

B.   Futility

An amendment is futile when the proposed new claims would not withstand a motion to dismiss. Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). The City, the Board, and Cimmino maintain that the motion to amend the complaint should be denied on the grounds of futility because the plaintiffs' administrative complaint named only the Board as the respondent

and did not allege the CFEPA or Whistleblower Act violations and thus there was no exhaustion of administrative remedies with respect to these parties and claims. They also maintain that the claims are futile because they are time barred.

### 1. Failure to Exhaust

The CFEPA "does not provide an unconditional private right of action for claimants" and instead requires a plaintiff to exhaust administrative requirements against the parties named in the complaint. Sullivan v. Bd. of Police Comm'n, 196 Conn. 208, 216 (1985). As a general rule, if a plaintiff fails to name a party in the administrative pleading she cannot bring a civil action against that party. Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001); Tyszka v. Edward McMahon Agency, 188 F. Supp.2d 186, 195 (D. Conn. 2001). The same is true for claims that are not included in the administrative charge.

Here, the plaintiffs only named the Board as the respondent in their administrative complaints and only asserted violations of Conn. Gen. Stat. §§ 46a-60(a)(1) and (a)(7). The plaintiffs do not claim that any of the exceptions to the exhaustion requirements for non-exhausted claims or unnamed parties are applicable and the record is not sufficient for the court to make such determinations. Accordingly, it appears that an amendment to the complaint adding the CFEPA claims against the City and Cimmino as well as the non-exhausted statutory claims against the

Board, would be futile.

2.  <u>Statute of Limitations</u>

The court does not find merit to the defendants' assertion that it would also be futile to add the new claims to the complaint because they are time barred in that they were not asserted in this action within the ninety-day period following the CHRO's release of jurisdiction.  Pursuant to the relation back doctrine, an amendment adding a new claim relates back to the date of the original pleading if the claim arose out of the same conduct, transaction, or occurrence set forth in the original pleading.  <u>E.g.</u>, <u>Siegel v. Converters Transp., Inc.</u>, 714 F.2d 213, 215-16 (2d Cir. 1983).  Because it appears that the new claims arose out of the same conduct alleged in the original complaint, the new claims would relate back and would thus not be time barred.

III. <u>Emotional Distress Claim against Cimmino</u>

Because the court finds that the new allegations supporting the plaintiffs' intentional infliction of emotional distress claim against Cimmino are sufficient to cure the defects the court previously identified, the plaintiffs may proceed with this claim against Cimmino.  The detail that Cimmino seeks as to the precise conduct that is encompassed within the "pre and post right to sue harassment" allegation can be fleshed out through discovery.

<u>CONCLUSION</u>

For the foregoing reasons, the plaintiffs' motion for reconsideration [doc. # 93] is DENIED.  Further, because the plaintiffs have, <u>inter</u> <u>alia</u>, failed to demonstrate diligence or good cause to extend the deadline for filing an amended complaint as set forth in the court's scheduling order and because it appears that adding the new claims would be futile, the portion of the motion [doc. # 93] that seeks leave to file the amended complaint is also DENIED.  Insofar as the motion seeks leave to re-plead the intentional infliction of emotional distress claim, the motion is GRANTED.  The plaintiffs shall file an amended complaint that comports with this and the court's prior rulings, i.e., re-pleading the intentional infliction of emotional distress claim against Cimmino and eliminating all allegations or assertions that the court has found to be impertinent, irrelevant, and impermissible, by December 12, 2008.

SO ORDERED this <u>4th</u> day of December, 2008 at Bridgeport, Connecticut.

/s/_____
           Alan H. Nevas
           United States District Judge