UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SALLY LYDDY
and MARIA MARCOCCIA,
                    - Plaintiffs


            v.                      CIVIL NO. 3:06-cv-1420 (CFD)


BRIDGEPORT BOARD OF EDUCATION,
and ANDREW CIMMINO,
                    - Defendants


RULING AND ORDER ON PLAINTIFFS' AMENDED MOTION FOR ENLARGEMENT OF
TIME SET BY ORDER DATED JANUARY 15, 2010 AND TO NAME AN
ADDITIONAL EXPERT

## I.   Introduction

The plaintiffs, Sally Lyddy and Maria Marcoccia, move for an extension of thirty days in which to properly disclose their expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2) and this Court's order of January 15, 2010.  (See Pls.' Am. Mot. 1; Dkt. # 178.)  More specifically, the plaintiffs would like an extra thirty days in which to "submit a 26 (a)(2) monetary damage report."  (See Pls.' Am. Mot. 2.)  One of the two defendants, the Bridgeport Board of Education, has filed an objection to the plaintiffs' request. (See dkt. # 193.)  For the following reasons, the plaintiffs' motions (see dkts. ## 183, 184) are **DENIED.**

## II.  Discussion

The plaintiffs previously disclosed two expert witnesses.

(Pls.' Am. Mot. 1.)  The first expert witness, Linda Lisi, B.S. and M.S. in Mathematics, wrote two opinion letters, dated December 14, 2008, and October 11, 2009, in which she evaluated the plaintiffs' lost earnings through age 70.  Id.  The plaintiffs claim that, "due to professional constraints," Ms. Lisi is unable to produce further opinion letters.  Id.  The plaintiffs further claim to have contacted four other individuals -- three forensic economists and one forensic accountant -- none of whom are capable of producing additional opinion letters.  Id. at 1-2.  Having heretofore failed to secure a replacement expert witness for Ms. Lisi, the plaintiffs request that "the time within which to submit a 26 (a)(2) monetary damages report be enlarged to at least 30 days following the decision on this motion."  Id. at 2.

The plaintiffs' second expert witness, Dr. Lazaro N. Pomeraniec, M.D., apparently served as the plaintiffs' treating psychiatrist for several years.  Id. at 1.  The plaintiffs argue that Dr. Pomeraniec is not required to prepare a 26(a)(2) written report because his testimony does not extend beyond his treatment of the plaintiffs.  Nevertheless, the plaintiffs request an additional thirty days in which to obtain that report if the Court concludes that Dr. Pomeraniec is required to submit it.  The sum of the plaintiffs' requests, therefore, is that the plaintiffs would like an additional thirty days in which to name an additional forensic economic or accounting expert, as well as to produce Dr.

2

Pomeraniec's 26(a)(2) written report, if the Court deems necessary.

The deadline for the plaintiffs to properly disclose their expert witnesses was December 15, 2008. (See dkts. ## 162, 164 (Judge Droney's order on September 1, 2009, approving the parties' Rule 26(f) planning meeting.)) On January 15, 2010, this Court provided the plaintiffs with fifteen extra days in which to comply with Rule 26(a)(2). The plaintiffs failed to so comply within that time frame. Instead, the plaintiffs asked for another thirty days. As a result of these delays and extensions, if the Court were now to grant the instant motion, the plaintiffs would thereby be permitted to name an additional expert witness and to produce additional reports more than one year after Judge Droney's deadline expired.

To grant the relief that the plaintiffs seek at such a late date in this case, especially in the absence of any reasonable justification for such a substantial delay, would prejudice the defendants and further slow the pace of a case that is already nearly three-and-a-half years old. Ms. Lisi may well be unable to prepare the required reports due to professional constraints, and despite their best efforts, the plaintiffs may well be unable to retain any of the four possible substitute witnesses they have contacted. Nevertheless, the plaintiffs should have attempted to resolve these problems well in advance of Judge Droney's deadline of December 15, 2008. At this point, it is far too late for the

plaintiffs to receive any additional time to replace Ms. Lisi.

In the plaintiffs' amended Rule 26(a) disclosures, Dr. Pomeraniec was listed as an expert witness who could be called at trial. (See Def.'s Opp'n Ex. A at 5.) The plaintiffs then indicated that ". . . [Dr.] Pomeraniec's psychiatric records and reports are provided under separate cover." Id. Dr. Pomeraniec failed to provide any such reports, and his records were illegible. (See Def.'s Opp'n 5.) Consequently, on January 15, 2010, this Court granted the defendant's motion to compel and ordered the plaintiffs to properly disclose Dr. Pomeraniec as an expert witness and to provide the defendants with all of his reports and records as required by Rule 26(a)(2). Plaintiffs' present argument that Dr. Pomeraniec is not obligated to provide a 26(a)(2) report because he is a treating physician is therefore untimely and finds no support from the Court.

## III. Conclusion

The deadline for the plaintiffs to properly disclose their expert witnesses pursuant to Rule 26(a)(2) was December 15, 2008. On January 15, 2010, the Court extended that deadline to January 25, 2010. After failing to meet that extended deadline, the plaintiffs seek yet another extension over defendant's objection. Quite simply, the time for the plaintiffs to seek another expert witness to replace Ms. Lisi, as well as to provide a report from Dr. Pomeraniec, whom the plaintiffs clearly disclosed as an expert

4

witness who could testify at trial, has passed.  Consequently, the plaintiffs' motions are hereby **DENIED** and it is recommended that Judge Droney similarly refuse to grant the relief that the plaintiffs seek.

This is not a recommended ruling.  This is a ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. 636 (b) (1) (A); Fed. R. Civ. P. 6 (a) and 72 (a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636 (b) (written objections to ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 25th day of February, 2010.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**